UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO. 15-CR-20351** |
| **Plaintiff,** | **HON. SEAN F. COX** |
| v. | |
| **D-2 WASEEM ALAM,** | |
| **Defendant.** | |
| _____/ | |

## UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

The United States of America opposes the Defendant's motion asking the Court to grant a compassionate release to the Defendant. As explained below, the Defendant is not entitled to the relief he seeks, and his motion should be denied.

### I.  INTRODUCTION

Defendant Waseem Alam ("Alam"), Register Number 51097-039, an inmate in the custody of the Federal Bureau of Prisons ("BOP"), filed the instant motion asking the Court to grant his compassionate release preceding the expiration of his period of confinement. Alam asks the Court to grant this relief in the wake of the COVID-19 pandemic or "coronavirus" because "Mr. Alam's health conditions – particularly diabetes, coronary artery disease, and hypertension – render Mr. Alam at extremely high risk for COVID-19." Dkt. 331 at 2.

On May 22, 2017, Alam began serving a 101-month term of imprisonment as a result of his pleading guilty to one count of conspiracy to commit health care fraud and wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349. On November 17, 2017, Alam submitted a motion to vacate his sentence due to the ineffective assistance of his counsel pursuant to 28 U.S.C. § 2255. Dkt. 256. Alam is currently designated to the Federal Correctional Institution in Milan, Michigan while he awaits an evidentiary hearing on this pending motion. His projected release date is July 23, 2024.

As an initial matter, Alam has failed to show that he has exhausted BOP's administrative procedures for requesting compassionate release that are required prior to seeking relief before this Court. In addition, even if Alam had exhausted BOP's administrative procedures, he has not demonstrated that the dangers posed to him due to the COVID-19 pandemic constitute an extraordinary and compelling reason that warrant his release from custody.

## II. STATUTORY BACKGROUND

### A. Exhaustion of Administrative Remedies Under the First Step Act

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, was signed into law on December 21, 2018 ("First Step Act"). Among other reforms, the First Step Act expands the criteria for compassionate release and gives defendants the opportunity to appeal BOP's denial of compassionate release. Pub. L. No. 115-

391, § 603(b). To request a reduction in his or her term of imprisonment for a "compelling and extraordinary reason," or "compassionate release," a defendant must comply with the language set forth in 18 U.S.C. § 3582(c)(1)(A). The language of 18 U.S.C. § 3582(c)(1)(A) provides, in relevant part:

> The Court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or **upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf** or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment…after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) Extraordinary and compelling reasons warrant such a reduction… And that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. (Emphasis added).

The First Step Act gives defendants the opportunity to appeal BOP's denial of compassionate release, but it does not alter the requirement that prisoners must

first exhaust administrative remedies before seeking judicial relief. *Id.*; *see also*, Pub. L. No. 115-391, § 603(b).

### B. Extraordinary and Compelling Reasons

The Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is contained in U.S.S.G. § 1B1.13 and the accompanying Application Notes. *United States v. McGraw*, 2:02-cr-18, 2019 WL 2059488, at *3 (S.D. Ind. May 9, 2019). While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *Id.* (citing *United States v. Casey*, No. 1:06-cr-71, 2019 WL 1987311, at *1 (W.D. Va. 2019); *United States v. Gutierrez*, No. CR 05-0217, 2019 WL 1472320, at *2 (D.N.M. 2019); *United States v. Overcash*, 3:15-cr-263, 2019 WL 1472104, at *2-3 (W.D.N.C. 2019)).

Application Note 1 in Section 1B1.13 provides three specific reasons that are considered extraordinary and compelling: (1) the inmate's medical condition; (2) the inmate's age; and (3) the inmate's family circumstances. In addition, the note includes a catchall provision recognizing as "extraordinary and compelling" any other reason as previously "determined by the Director of the Bureau of Prisons." *See* U.S.S.G § 1B1.13, app. note 1.

## III. ARGUMENT

### A. <u>Alam Has Failed to Exhaust the Administrative Procedures Necessary to Warrant Judicial Review</u>

Alam has not exhausted the administrative remedies required under 18 U.S.C. § 3582(c)(1)(A) that would enable him to seek relief before this Court. On March 25, 2020, Alam applied for compassionate release directly with BOP due to his "serious medical conditions and the spread of COVID-19." Dkt. 331 at 1. Alam has provided no documentation indicating that he exhausted his appeal rights before BOP that would warrant judicial review of that request. Rather, Alam concedes that he has not exhausted his administrative remedies before BOP, and instead argues that the exhaustion requirements for compassionate release under the First Step Act are not mandatory, and that the Court may carve out an exception to these requirements in light of the COVID-19 pandemic. *See* Dkt. 331 at 6.

In making this argument, Alam attempts to distinguish the language of the First Step Act from case law interpreting the language of the Prison Litigation Reform Act of 1995, in which the Supreme Court ruled that courts do not have the power to create emergency exceptions to the exhaustion requirement because Congress created a mandatory requirement. *See Ross v. Blake*, 136 S.Ct. 1850, 1857 (2016). Contrary to Alam's position, the Supreme Court's ruling in *Ross* is

5

controlling here. Statutory exhaustion requirements, like the one in § 3582(c)(1)(A), are mandatory. *Id.* at 1855–57. Those requirements may not be excused, even to account for "special circumstances." *Id.*

Alam's failure to exhaust administrative remedies is fatal to his claim. As the Third Circuit explained recently in denying a similar, unexhausted motion for compassionate release, the COVID-19 pandemic does not permit inmates or district judges to bypass § 3582(c)(1)(A)'s exhaustion requirement. *United States v. Raia*, __ F.3d __, No. 20-1033, 2020 WL 1647922 (3d Cir. Apr. 2, 2020). Rather, "[g]iven BOP's shared desire for a safe and healthy prison environment. . . strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance." *Id.*; *see also United States v. Miller*, No. 16-CR-00269, 2020 WL 113349, at *2 (D. Idaho Jan. 8, 2020) ("Miller's motion will be dismissed without prejudice. Miller is free to refile it after fully exhausting the Bureau of Prison's administrative appeals process."); *United States v. Eberhart*, No. 13-CR-00313, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("Because defendant has not satisfied the exhaustion requirement, the court lacks authority to grant relief [based on COVID-19] under § 3582(c)(1)(A)(i).").

The appropriate course of action for Alam is to await a response from BOP, which currently has the authority to grant his request. Under the Attorney General's recent directives and new statutory authority enacted on March 27, 2020,

6

BOP is actively evaluating its prison population to determine which inmates face the greatest risk from COVID-19 and pose the least risk to public safety if granted home confinement. By seeking judicial action without first exhausting administrative remedies before BOP, Alam is in effect asking this Court to circumvent established BOP protocols. Not only does this request attempt to undermine BOP's authority, but it also attempts to prioritize Alam over other inmates during a national crisis.

Alam has not shown that he has exhausted the appropriate channels through BOP for his request for compassionate release based upon the COVID-19 pandemic. Given this lack of evidence, it does not appear that Alam has "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf," as required under § 3582(c)(1)(A). As such, the United States respectfully request that this Court deny Alam's motion.

## B. Alam Has Not Demonstrated Extraordinary and Compelling Reasons to Warrant Compassionate Release

Even if Alam were to exhaust the administrative remedies that remain available to him within BOP, he has not established that the threat of contracting COVID-19 constitutes extraordinary and compelling circumstances that would warrant his release to home confinement. In support of his motion, Alam argues

that, as a 64-year-old who suffers from diabetes, coronary artery disease, and hypertension, he is at high risk of contracting coronavirus. Dkt. 331 at 1-2.

Alam's position that he is at risk of contracting coronavirus does not establish an extraordinary and compelling reason that warrants his release. First, Alam's reason for modification of his sentence does not fall within any of the three specified reasons delineated in the Sentencing Commission's policy statement. *See* U.S.S.G. § 1B1.13, app. note 1. In this regard, Alam is not suffering from a terminal illness; Alam is not over 65 years old and has not served 75 percent of his sentence; and Alam is not alleging the death or incapacitation of a caregiver for his minor children, spouse, or partner. Thus, Alam is asking this Court to grant his relief pursuant to the catchall provision of Application Note 1(D).

The Court does not have the authority to override the plain language of Application Note 1(D) and determine for itself what the extraordinary and compelling reasons are for compassionate release. However, assuming that the Court, and not solely the Director of the BOP, has the authority to determine extraordinary and compelling reasons pursuant to Section 1B1.13, Application Note 1(D), the presence of the COVID-19 pandemic in the United States, generally, is insufficient to grant the relief Alam is requesting. BOP institutions, as a matter of policy and procedure, have "pandemic plans for preparedness in the

8

event of any infectious disease outbreak."[1] BOP is therefore equipped, prepared, and ready to deal with pandemics such as the coronavirus. Since at least October 2012, BOP has had a robust plan in place to deal with other pandemics, including Pandemic Influenza, by taking steps such as increased hygiene, "social distancing," and quarantining.[2]

The dangers associated with COVID-19 are real, and in response to those dangers BOP has implemented new measures to prevent its potential spread and protect the health and safety of its staff and federal inmates. In response to the COVID-19 pandemic specifically, BOP has taken aggressive steps to protect inmates' health and to keep COVID-19 outside of its facilities."[3] BOP began planning for COVID-19 in January 2020, when it established a task force to develop policies in consultation with the CDC. BOP has implemented Modified Operations, including suspending social visits, suspending legal visits (but continuing to allow confidential legal calls), limiting inmate movement, maximizing social distancing, enhanced screening of staff, and continued screening of inmates.[4] Moreover, for inmates who have COVID-19 symptoms, or a temperature greater than 100.4

---

[1] *See* BOP, "BOP's COVID-19 Response," https://www.bop.gov/coronavirus/overview.jsp#bop_covid-19_response.
[2] *See* BOP, "Pandemic Influenza Plan" (Oct. 2012), https://www.bop.gov/resources/pdfs/pan_flu_module_1.pdf.
[3] *See* BOP, "Updates to BOP COVID-19 Action Plan: Inmate Movement" (Mar. 19, 2020), https://www.bop.gov/resources/news/20200319_covid19_update.jsp.
[4] *See* BOP, "COVID-19 Action Plan: Agency-Wide Modified Operations" (Mar. 13, 2020), https://www.bop.gov/resources/news/20200313_covid-19.jsp.

degrees Fahrenheit, they will immediately be placed in isolation.[5] On March 24, 2020, BOP announced that it would quarantine all newly arriving inmates for fourteen days so as to not introduce the infection within the receiving facility.[6] Finally, on March 31, 2020, BOP announced that, effective April 1, 2020, it would confine all inmates to their cells for 14 days to stem the spread of COVID-19.[7]

In sum, BOP has a plan in place to protect inmates, including Alam, from the threats of COVID-19. Nothing in the First Step Act or U.S.S.G. § 1B1.13 supports the notion that the presence of COVID-19 alone qualifies as an extraordinary and compelling reason for compassionate release. As such, Alam's request fails on the merits.

## IV. CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court deny Alam's motion.

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

---

[5] *See id.*
[6] *See* BOP, "Bureau of Prisons Update on COVID-19" (Mar. 24, 2020), https://www.bop.gov/resources/news/pdfs/20200324_bop_press_release_covid19_update.pdf.
[7] *See* BOP, "COVID-19 Action Plan: Phase Five" (Mar. 31, 2020), https://www.bop.gov/resources/news/20200331_covid19_action_plan_5.jsp.

                                        MALISA DUBAL
                                        Assistant Chief
                                        U.S. Department of Justice
                                        Criminal Division, Fraud Section

*s/Claire Sobczak*
CLAIRE SOBCZAK
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Ave., N.W.
Washington, D.C. 20005
Phone: (202) 591-5418
Email: claire.sobczak@usdoj.gov

Date: April 7, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to counsel for Defendant.

                                          *s/Claire Sobczak*
                                          CLAIRE SOBCZAK
                                          U.S. Department of Justice
                                          Criminal Division, Fraud Section
                                          1400 New York Ave., N.W.
                                          Washington, D.C. 20005
                                          Phone: (202) 591-5418
                                          Email: claire.sobczak@usdoj.gov

Date: April 7, 2020