UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


United States of America,

     Plaintiff,

v.                                      Case No. 15-20351

Waseem Alam,                   Sean F. Cox
                                         United States District Court Judge

     Defendant.

_____/

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Defendant Waseem Alam has served roughly half of his 101-month sentence for healthcare fraud and structuring. He now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), citing his age, health conditions, and the ongoing coronavirus pandemic ("COVID-19"). The Government opposes Alam's motion.

Because Alam has not met either 18 U.S.C. § 3582(c)(1)(A) condition allowing a criminal defendant to file a motion for compassionate release, the Court will deny this motion without prejudice.

## BACKGROUND

Alam pleaded guilty to conspiracy to commit health care fraud and wire fraud, in violation of 18 U.S.C. § 1349, and structuring to avoid reporting requirements, in violation of 31 U.S.C. § 5324. (ECF No. 149). On March 24, 2017, the Court sentenced Alam to 101 months' imprisonment. (ECF No. 250). According to the Bureau of Prison's ("BOP") website, Alam's expected release date is July 23, 2024.

On November 21, 2017, Alam filed a motion to vacate his sentence under 28 U.S.C. § 2255. (ECF No. 256). The Court appointed counsel for Alam, and the § 2255 motion was fully briefed. (ECF Nos. 260, 262, 269, 284, 291, 301). On January 9, 2020, the Court ordered a limited evidentiary hearing on Alam's § 2255 motion. (ECF No. 323). This hearing was scheduled for April 8, 2020. (ECF No. 326). Because Alam was expected to testify at this hearing, the BOP transferred him to FCI Milan, a federal prison near Detroit, Michigan.

Before the hearing could take place, however, COVID-19 hit the United States, the State of Michigan, and the City of Detroit. On March 19, 2020, the Court adjourned the evidentiary hearing under Administrative Order 20-AO-021, *In re: Court Operations Under the Exigent Circumstances Created by COVID-19 and Related Coronavirus Health Conditions*.

On April 4, 2020, Alam filed an emergency motion for compassionate release pursuant to 18 U.S.C. § 3582(c). (ECF No. 331). He argues that, because of his age (64 years old) and his health conditions (including diabetes, coronary artery disease, obesity, sleep apnea, hypertension, and many other ailments), he is "at extremely high risk for COVID-19." (ECF No. 331, PageID 2534-2535). He asks the Court to release him from FCI Milan—which he believes is facing or will soon face "a wave" of COVID-19 infections—and allow him to serve the remainder of his sentence on home confinement.

On April 7, 2020, the Government filed its response, opposing Alam's release. (ECF No. 333). The Government argues that Alam has not exhausted his administrative remedies, that the Court has no authority to "carve out an exception" to 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement, and that Alam has not demonstrated "extraordinary and compelling reasons" that warrant early release.

# ANALYSIS

Before 2018, only the BOP could move for the compassionate release of a criminal defendant. Then the First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to move for compassionate release. *See* Pub. L. 115-391, Sec. 603(b)(1). But this amendment did not give defendants the unrestricted ability to file for compassionate release; the statute provides that they may file such a motion only if certain conditions are met:

> **(c)** Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that—
>
>> **(1)** in any case--
>>
>>> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or **upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier**, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>>
>>>> **(i)** extraordinary and compelling reasons warrant such a reduction; or
>>>>
>>>> **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

> and that such a reduction is consistent with applicable
> policy statements issued by the Sentencing Commission;

18 U.S.C. § 3582(c) (emphasis added). In other words, a criminal defendant may file a motion for compassionate release only if one of two things have happened: (1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf.

Here, Alam has not provided any indication that he has exhausted all of his administrative rights to appeal the BOP's failure to bring a motion on his behalf. Thus, the first condition is not met. And, Alam requested a compassionate release from FCI Milan's warden on March 25, 2020—only ten days before he filed his pending motion. (ECF No. 331-2). Thus, the second condition is not met.

Anticipating this roadblock to his motion, Alam argues that the Court can "create an exception to the 30-day period set by Congress." (ECF No. 331, PageID 2539). The Court disagrees. The text of 18 U.S.C. § 3582(c) defines mandatory conditions precedent to a defendant filing a motion under that section. When Congress provides a statutory exhaustion provision, "courts have a role in creating exceptions only if Congress wants them to." *Ross v. Blake*, 136 S.Ct. 1850, 1857 (2016). "For that reason, mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion." *Id*. Thus, even if an exception to 18 U.S.C. § 3582(c)(1)(A)'s filing requirements for defendants is appropriate during the COVID-19 pandemic, the Court lacks authority to craft such an exception.

In the past few days, many other courts around the country have also concluded that a failure to satisfy 18 U.S.C. § 3582(c)(1)(A)'s filing requirements bars defendants from filing motions for compassionate release, and that the judiciary has no power to craft an exception to these requirements for defendants seeking release during the COVID-19 pandemic. *See, e.g.*, *United States v. Raia*, -- F.3d --, 2020 WL 1647922 at *2-3 (3rd Cir. April 2, 2020) (stating that 18 U.S.C. § 3582(c)'s exhaustion requirement foreclosed compassionate release and that "any remand would be futile"); *United States v. Holden*, 2020 WL 1673440 at *10 (D. Or. April 6, 2020) ("Because Defendant has not satisfied the exhaustion provision . . . this Court lacks authority to address Defendant's motion for reduction of sentence."); *United States v. Rivers*, 2020 WL 1676798 at *2 (D. V.I. April 6, 2020) ("Nor is the Court permitted, as Defendant suggests, to waive the exhaustion requirement."); *United States v. Johnson*, 2020 WL 1663360 at *6 (D. Md. April 3, 2020) ("In summary, this Court will not read an exception into § 3582(c)(1) which does not exist."); *United States v. Woodson*, 2020 WL 1673253 at *3-4 (S.D.N.Y. April 6, 2020) ("Where Congress has with sufficient clarity mandated exhaustion, courts will not read exceptions into statutes.") (quotations and citations omitted); *United States v. Weiland*, 2020 WL 1674137 at *1 (S.D.N.Y. April 6, 2020) ("Defendant is incorrect that the Court has authority to waive the administrative exhaustion requirements stated in § 3582."); *United States v. Perry*, 2020 WL 1676773 at *1 (D. Colo. April 3, 2020) (concluding that Defendant's argument that the court could read an exception into the exhaustion requirement was "unpersuasive" and "unsupported by case law"); *United States v. Carver*, 2020 WL 1604968 at *1 (E.D. Wash. April, 1, 2020) (stating "the

administrative exhaustion requirement admits of no exception" and "[t]he Court's hands are bound by the statute.")[1]

## CONCLUSION

For the reasons above, the Court concludes that neither condition described in 18 U.S.C. § 3582(c)(1)(A) is met, and that this failure to exhaust cannot be excused, even in light of the COVID-19 pandemic.[2] Accordingly, the Court **DENIES** Alam's emergency motion for compassionate release **WITHOUT PREJUDICE**. Under 18 U.S.C. § 3582(c)(1)(A), Alam may file a new motion for compassionate release (1) if the BOP denies his currently pending request for compassionate release and he exhausts all of his administrative rights to appeal that decision, **or** (2) 30 days after his warden received his March 25, 2020 compassionate release request.

**IT IS SO ORDERED**.

> s/Sean F. Cox
> Sean F. Cox
> United States District Judge

Dated: April 8, 2020

---

[1] Although this view appears to dominate among courts that have considered whether they may excuse a failure to satisfy 18 U.S.C. § 3582(c)(1)(A)'s filing requirements, some courts have held that exhaustion is not necessary under the circumstances of COVID-19. *See, e.g., United States v. Zukerman*, 2020 WL 1659880 at *3 (S. D. N.Y. April 3, 2020) (concluding that exhaustion was not necessary because "requiring [Defendant] to exhaust administrative remedies, given his unique circumstances and the exigency of a rapidly advancing pandemic, would result in undue prejudice and render exhaustion of the full BOP administrative process both futile and inadequate."); *United States v. Colvin*, 2020 WL 1613943 at *2 (D. Conn. April 2, 2020); *United States v. Perez*, -- F.Supp.3d --, 2020 WL 1546422 at *3 (S.D.N.Y. April 1, 2020). The Court has considered this view and, respectfully, is not persuaded that it is consistent with the text of 18 U.S.C. § 3582(c)(1)(A) or the Supreme Court's *Ross* decision.

[2] Alam's motion and the Government's response present one other issue: whether Alam has established that there are "extraordinary and compelling reasons" why he should be released. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Given the Court's conclusion that Alam has not exhausted his administrative remedies, the Court need not decide this issue at this time.