# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO. 15-CR-20351** |
| Plaintiff, | **HON. SEAN F. COX** |
| v. | |
| **D-2 WASEEM ALAM,** | |
| Defendant. | |
| _____/ | |

## UNITED STATES' RESPONSE TO DEFENDANT'S RENEWED MOTION FOR COMPASSIONATE RELEASE

In accordance with the Court's order dated May 27, 2020, the United States submits this memorandum in response to Defendant Waseem Alam's ("Alam" or "Defendant") renewed motion for compassionate release. Because Alam has appealed the Court's previous order denying compassionate release, entered in April 2020, and because that appeal remains pending, the Court lacks jurisdiction over any request for compassionate release here. Furthermore, even assuming that Alam's renewed request overcame the procedural hurdles currently at issue on appeal, Alam has not established extraordinary and compelling circumstances necessary to warrant compassionate release. As explained below, Alam is not entitled to the relief he seeks, and his motion should be denied.

## I. INTRODUCTION

Defendant Waseem Alam ("Alam"), Register Number 51097-039, an inmate in the custody of the Federal Bureau of Prisons ("BOP"), filed the instant motion asking the Court to grant his compassionate release preceding the expiration of his period of confinement. On May 22, 2017, Alam began serving a 101-month term of imprisonment as a result of his pleading guilty to one count of conspiracy to commit health care fraud and wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349. On November 17, 2017, Alam submitted a motion to vacate his sentence due to the ineffective assistance of his counsel pursuant to 28 U.S.C. § 2255. Dkt. 256. Alam is currently designated to the Federal Correctional Institution in Milan, Michigan while he awaits an evidentiary hearing on this pending motion. His projected release date is July 23, 2024.

On April 4, 2020, Defendant filed with this Court his first motion for compassionate release pursuant to 18 U.S.C. § 3582(c). The Court denied this petition on April 8, 2020, finding that Defendant's failure to exhaust his administrative remedies deprived this Court of jurisdiction to consider the merits of Defendant's request or grant him relief. *See* Dkt. 334. The Court denied Alam's motion without prejudice and noted that, "[u]nder 18 U.S.C. § 3582(c)(1)(A), Alam may file a new motion for compassionate release (1) if the BOP denies his currently pending request for compassionate release and he exhausts all of his

2

administrative rights to appeal that decision, **or** (2) 30 days after his warden received his March 25, 2020 compassionate release request." Dkt. 334 at 6. On April 9, 2020, Alam filed with the Sixth Circuit an emergency appeal of this Court's denial of his motion. The Sixth Circuit issued a decision today, June 2, 2020, in which it affirmed this Court's decision, but it has not yet issued its mandate.

On April 15, 2020, Defendant submitted a second request to the BOP asking, again, that he be considered for compassionate release in light of the risks posed by the COVID-19 pandemic. Dkt. 339, Exh. B. BOP denied Alam's request for compassionate release in a letter dated April 30, 2020 and signed by the Warden on May 1, 2020. Dkt. 339, Exh. D. In its response, BOP indicated that Alam's "concern about being potentially exposed to, or possibly contracting COVID-19 does not currently warrant an early release." *Id.* BOP also stated that, "[i]n the event that you are not satisfied with this response and wish to appeal, you may contact your Unit Team to initiate an appeal in accordance with the Administrative Remedy Program Please note, this appeal process begins with a BP-9 (Warden level)." *Id.*

### II. ARGUMENT

**A. The Court Lacks Jurisdiction to Review Defendant's Motion While a Motion Seeking Similar Relief is Pending Appeal**

Alam has a pending appeal challenging the Court's previous denial of compassionate release, and this pending appeal deprives the Court of jurisdiction to act here. Specifically, the filing "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Id.* (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam)); *see also United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984). Although the Sixth Circuit issued a decision today affirming this Court's ruling, jurisdiction will remain with the Sixth Circuit until it issues a mandate. Sixth Circuit Internal Operating Procedure 41 provides that the mandate "is the document by which this court relinquishes jurisdiction and authorizes the originating district court…to enforce the judgment of this court." *Rodriguez v. Passinault*, 637 F.3d 675, 679 (6th Cir. 2011)

Filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal. *Fort Gratiot Sanitary Landfill, Inc. v. Mich. Dep't of Natural Res.*, 71 F.3d 1197, 1203 (6th Cir. 1995). Thus, "expansion of a district court's judgment [is] not permitted while an appeal is pending." *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987). This general rule applies unless that appeal is untimely; it is an appeal from a non-appealable non-final order; or it raises only issues that were previously ruled upon in that case by the appellate court. *United*

4

*States v. Williams,* 2006 WL 3203748, at *6 (6th Cir. 2006); *see also Taylor v. KeyCorp,* 680 F.3d 609, 616 (6th Cir. 2012) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.") (quoting *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982)). After the filing of a notice of appeal, the district court retains jurisdiction only to enforce the judgment or to "proceed with matters that are in aid of the appeal." *Taylor,* 680 F.3d at 616 n.8 (citations omitted).

Alam's appeal seeks the same ultimate relief as his renewed motion for compassionate release: a reduction in his sentence. As other courts have explained in this same context, a pending appeal that involves a defendant's sentence deprives a district court of jurisdiction to rule on the defendant's motion for compassionate release. *United States v. Martin*, No. 18-CR-834-7, 2020 WL 1819961, at *1–*2 (S.D.N.Y. Apr. 10, 2020). The orderly disposition of cases therefore requires waiting for a ruling from the Sixth Circuit before this Court proceeds to rule on any motion seeking to modify the defendant's sentence. The Court should not take any action that could "alter the status of the case as it rests before the Court of Appeals." *Dayton Indep. School Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990), quoted in *United States v. Gallion*, 534

F. App'x 303, 310 (6th Cir. 2013). *See also United States v. Walls*, --- F.Supp.3d ---, 2020 WL 1934963 at *2 (E.D. Mich. April 22, 2020)

## B. Defendant Has Failed to Establish Extraordinary and Compelling Circumstances Necessary to Warrant Compassionate Release

In his renewed motion for compassionate release, Alam contends that, even if the Court lacked jurisdiction to review the instant motion given the pendency of his appeal, "this Court can still issue an indicative ruling that it would grant Defendant's motion or that it raises a substantial issue under Fed. R. Crim. P. 37(a)(3)." Dkt. 339 at 4. In light of the fact that the Sixth Circuit has already issued its decision and will be issuing its mandate in the next 21 days, an indicative ruling at this time would not be appropriate. Rather, the Court should wait until it regains jurisdiction.

When the Court again has jurisdiction to consider this motion, it should find that Alam has not established extraordinary and compelling reasons to warrant his compassionate release. The criteria for compassionate release are narrow. A court may only grant compassionate release based on an individual inmate's "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). Compassionate release must be consistent with the Sentencing Commission's policy statement. 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13(1) & cmt. n.1. And the court must consider the factors set forth in 18 U.S.C. § 3553(a) and determine

6

that the inmate "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2).

Compliance with those policy statements is mandatory. Section 3582(c)(1)(A) has long required that compassionate release be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *United States v. Saldana*, No. 19-7057, 2020 WL 1486892, at *3 (10th Cir. Mar. 26, 2020). That statutory language is identical to the standard for sentence reductions under 18 U.S.C. § 3582(c)(2) based on retroactive guideline amendments. So just like under § 3582(c)(2), the Sentencing Commission's policy statements place "hard limit[s] on a court's ability to reduce the sentence" under § 3582(c)(1)(A). *United States v. Jackson*, 751 F.3d 707, 711 (6th Cir. 2014). And the Supreme Court has upheld those limits under § 3582(c)(2), stressing that "Congress charged the Commission with determining in what circumstances and by what amount the sentences of prisoners affected by Guidelines amendments may be reduced." *Dillon v. United States*, 560 U.S. 817, 830 (2010). So even when an inmate asks a district court to disregard those limits, the Commission's restraints "on a district court's sentence-reduction authority [are] absolute." *Jackson*, 751 F.3d at 711; *accord United States v. Horn*, 612 F.3d 524, 527–28 (6th Cir. 2010).

For compassionate release, the Sentencing Commission has fulfilled Congress's directive in its policy statement in USSG § 1B1.13. That policy statement limits "extraordinary and compelling reasons" to four categories: (1) the inmate's medical condition; (2) the inmate's age; (3) the inmate's family circumstances; and (4) other reasons "[a]s determined by the Director of the Bureau of Prisons." USSG § 1B1.13 cmt. n.1.

The first of these reasons appears to apply to Alam. As stated in his renewed motion, Alam suffers from numerous medical conditions, including poorly controlled diabetes and coronary artery disease. Dkt 339 at 5. The Centers for Disease Control and Prevention has acknowledged that individuals with these underlying health conditions "might be at higher risk for severe illness from COVID-19." *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last accessed June 1, 2020). Alam has not presented medical records to substantiate the assertions that he suffers from these medical conditions; however, assuming that he was able to produce such records, they would qualify as an extraordinary and compelling reason under 18 U.S.C. § 3582(c)(1)(A)(i).

Even if the combination of Alam's medical conditions and the COVID-19 pandemic satisfies the initial criteria for eligibility in USSG § 1B1.13 cmt. n.1, Alam remains ineligible for compassionate release because he is a danger to the

8

community. Section 1B1.13(2) only permits release if a "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." It thus prohibits the release of violent offenders, including most drug dealers. *See United States v. Stone*, 608 F.3d 939, 947–48 & n.6 (6th Cir. 2010). It also bars the release of many other defendants. An evaluation of dangerousness under § 3142(g) requires a comprehensive view of community safety—"a broader construction than the mere danger of physical violence." *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989) (per curiam). So even many "non-violent" offenders—such as those who have been involved in serial or significant fraud schemes—may not be released under § 3582(c)(1)(A). USSG § 1B1.13(2); *see Stone*, 608 F.3d at 948 n.7; *United States v. Reynolds*, 956 F.2d 192, 192 (9th Cir. 1992) ("[D]anger may, at least in some cases, encompass pecuniary or economic harm."); *United States v. Israel*, No. 17-20366, 2017 WL 3084374, at *5 (E.D. Mich. July 20, 2017) (recognizing that "economic harm may qualify as a danger" foreclosing release).

Alam's conduct resulted in a loss of approximately $7,974,909.59 to the Medicare program, based upon fraudulent claims that Alam caused to be submitted to Medicare. Moreover, throughout the course of this scheme, Alam structured cash deposits in amounts less than $10,000 to avoid his bank's reporting requirements. Adhering to § 1B1.13(2) is especially important given the current

strain on society's first responders and the rise in certain types of crime during the COVID-19 pandemic. Among these crimes, COVID-19-based fraud schemes have proliferated in the wake of the pandemic. *See* https://www.detroitnews.com/story/news/local/detroit-city/2020/04/28/covid-19-doctor-charged-multimillion-dollar-health-care-fraud-case/3038526001/ (last accessed June 2, 2020). There are real risks to public safety right now, and those risks will only increase if our community is faced with a sudden influx of convicted defendants.

Finally, even when an inmate is statutorily eligible for a sentence modification based on an "extraordinary and compelling reason," courts must consider the factors set forth in 18 U.S.C. § 3553(a) and determine that the inmate "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2). The Court must therefore consider Alam's renewed motion both in light of Alam's susceptibility to COVID-19, which goes to the "extraordinary and compelling reasons" prong of the analysis, and consider just punishment and deterrence, as those are two of the Section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring the Court to consider the Section 3553(a) factors); *see also* 18 U.S.C. § 3553(a)(2)(A) & (B) ("to provide just punishment for the offense" and "to afford adequate deterrence to criminal conduct").

Alam abused his license to practice medicine in order to effectuate a massive fraud on the Medicare program in the Eastern District of Michigan. Medicare, as a trust-based system, defers to the judgment of physicians like Alam. In return, Alam betrayed that trust and made a conscious decision to abuse it for his own benefit. As the Court knows, this District has been plagued by health care fraud, and the Court emphasized the importance of deterring future criminals from perpetrating similar schemes when it imposed a 101-month sentence for Alam. Dkt. 295 at 22-23. Given the scope and severity of Alam's criminal activity, the need for just punishment, and the need to deter future criminal activity, the importance of upholding Alam's sentence under Section 3553(a) outweighs the risks posed currently posed by COVID-19. As such, Alam has failed to establish extraordinary and compelling circumstances to warrant his compassionate release.

### III.   CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court deny the Defendant's renewed motion for compassionate release.

    Respectfully submitted,

    MATTHEW SCHNEIDER
    United States Attorney

                                                      *s/Claire Sobczak*
                                                      CLAIRE SOBCZAK
                                                      U.S. Department of Justice
                                                      Criminal Division, Fraud Section
                                                      1400 New York Ave., N.W.
                                                      Washington, D.C. 20005
                                                      Phone: (202) 591-5418
                                                      Email: claire.sobczak@usdoj.gov

Date: June 2, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to counsel for Defendant.

                                              *s/Claire Sobczak*
                                              CLAIRE SOBCZAK
                                              U.S. Department of Justice
                                              Criminal Division, Fraud Section
                                              1400 New York Ave., N.W.
                                              Washington, D.C. 20005
                                              Phone: (202) 591-5418
                                              Email: claire.sobczak@usdoj.gov

Date: June 2, 2020