UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                                          Case No. 15-20351

Waseem Alam,                                                    Sean F. Cox
                                                                                United States District Court Judge
    Defendant.
_____/

## MEMORANDUM ORDER REGARDING DEFENDANT'S PENDING MOTION FOR COMPASSIONATE RELEASE

Defendant Waseem Alam has filed a second motion for compassionate release. The Court denied his first motion because he had failed to exhaust his administrative remedies. Alam appealed, and the Sixth Circuit affirmed the Court's decision. Having now properly exhausted, Alam again seeks compassionate release from this Court.

Unfortunately, Alam has traded one procedural bar for another. Alam's filing of a notice of appeal transferred jurisdiction over this case to the Sixth Circuit. *See Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993) ("As a general rule, the district court loses jurisdiction over an action once a party files a notice of appeal, and jurisdiction transfers to the appellate court.") And "[a] pending appeal that involves a defendant's sentence deprives a district court of jurisdiction to rule on the defendant's motion for compassionate release." *United States v. Wall*, -- F.3d --, 2020 WL 1934963 at *2 (E.D. Mich. April 22, 2020). Although the Sixth Circuit has issued its decision, jurisdiction will not be transferred back to this Court until the Sixth Circuit issues its mandate. *See*

1

Sixth Circuit Internal Operating Procedure 41(a)(1) ("A mandate is the document by which this court relinquishes jurisdiction and authorizes the originating court or agency to enforce this court's judgment.") In the meantime, the Court cannot take any action that could "alter the status of the case as it rests before the Court of Appeals." *Dayton Indep. School Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990), quoted in *United States v. Gallion*, 534 F. App'x 303, 310 (6th Cir. 2013).

Instead, the Court is limited to the relief available in Fed. R. Crim. P. 37(c), and can only (1) defer considering the motion; (2) deny the motion; or (3) issue an indicative ruling, stating that it would grant the motion if the Court of Appeals remands for that purpose or that the motion raises a substantial issue. After review of the briefing, the Court concludes that it should defer considering the merits of Alam's motion until after it regains jurisdiction. Once the Sixth Circuit issues its mandate, the Court will schedule a Zoom hearing on Alam's pending motion. Given the nature of the relief sought, this hearing will be held as soon as is possible.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: June 19, 2020